1   Jeanne L. Zimmer (SBN: 123321)
    Zimmerj@cmtlaw.com
2   Tamar Gabriel (SBN: 266860)
    Gabrielt@cmtlaw.com
3   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
4   Los Angeles, California 90045
    (310) 242-2200 Telephone
5   (310) 242-2222 Facsimile

6   Attorneys for Defendant,
    COMENITY LLC
7

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  AMBER MASSIE,                    )   CASE NO.
13              Plaintiff,           )   EDCV14-00503 JGB (DTB)
14                                   )
15      vs.                          )   NOTICE OF REMOVAL
16                                   )
17                                   )
18  COMENITY LLC; and DOES 1 to      )
    20, INCLUSIVE,                    )
19                                   )
20              Defendant.           )
21                                   )

22           **DEFENDANT'S NOTICE OF REMOVAL**

23       Defendant COMENITY LLC, hereby files this notice of removal under 28

24  U.S.C. §1446(a).

25

26  ///

27  ///

28

    {00015191.1}                      1

## **INTRODUCTION**

1.     Defendant is COMENITY LLC, ("Defendant"); Plaintiff is AMBER MASSIE ("Plaintiff").

2.     Upon information and belief, Plaintiff initially filed this case on January 30, 2014 in the Superior Court of California, County of San Bernardino, Case No. CIVDS 1401178. A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit "A."

3.     On February 14, 2014 Defendant was personally served with the Summons and a copy of Plaintiff's Complaint.

4.     As Defendant received Plaintiff's Complaint on February 14, 2014, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via FRCP 6.  See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

5.     Defendant has already filed an Answer to Plaintiff's Complaint in the Superior Court of California, County of San Bernardino on March 14, 2014, a true and correct copy of Defendant's Answer filed is attached hereto as Exhibit "B."  The Defendant has not yet received a conformed copy of the Answer, and will send the conformed copy to this court as soon as it becomes available to Defendant.

///

NOTICE OF REMOVAL

## A.  BASIS FOR REMOVAL

6.     Removal is proper because Plaintiff's Complaint involves a federal question.  28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996).  Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, *et seq.* for alleged violations of the Fair Debt Collection Practices Act and the 47 U.S.C. §227, *et seq.* for alleged violations of the Telephone Consumer Protection Act.  It is therefore an action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a).  This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8.     Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action is pending.

## B.  JURY DEMAND

9.     Plaintiff demands a jury in the state court action.  Defendant also demands a jury trial.

///

3

{00015191;1}

## C. CONCLUSION

10.    Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*.

DATED:  March 14, 2014            CARLSON & MESSER LLP


                                 By: /s/ Tamar Gabriel
                                     Tamar Gabriel
                                     Attorneys for Defendant,
                                     COMENITY LLC

{00015191;1}

4

EXHIBIT A

CT

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
COMENITY LLC, and does 1 to 20 Inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMBER MASSIE

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **F I L E D** |
| SUPERIOR COURT |
| COUNTY OF SAN BERNARDINO |
| SAN BERNARDINO DISTRICT |
| JAN 3 0 2014 |
| BY_____ |
| LISA TAYLOR, DEPUTY |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of San Bernardino | *(Número del Caso):* CIVDS 1401178 |

303 W. Third Street
San Bernardino, CA 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Friedman, 369 S. Doheny Dr, Ste 415, Beverly Hills, CA 90211, 877-206-4741

| DATE: *(Fecha)* JAN 3 0 2014 | Clerk, by *(Secretario)* LISA M. TAYLOR | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**COPY**

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant. Comenity LLC
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [✗] by personal delivery on *(date):* 2/14

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

1   Todd M. Friedman (216752)
2   Nicholas J. Bontrager (252114)
    Suren N. Weerasuriya (278512)
3   Law Offices of Todd M. Friedman, P.C.
    369 S. Doheny Dr. #415
4   Beverly Hills, CA 90211
    Phone: 877-206-4741
5   Fax: 866-633-0228
6   tfriedman@attorneysforconsumers.com
    nbontrager@attorneysforconsumers.com
7   sweerasuriya@attorneysforconsumers.com

8   Asaf Agazanof, Esq. (285043)
9   ASAF LAW
    8730 Wilshire Blvd. #310
10  Beverly Hills, CA 90211
    Phone: 424-254-8870
11  Fax: 888-254-0651
12  Asaf@Lawasaf.com

13  Attorneys for Plaintiff

14

15          SUPERIOR COURT OF THE STATE OF CALIFORNIA
        FOR THE COUNTY OF SAN BERNARDINO- UNLIMITED JURISDICTION

16

17  AMBER MASSIE,                    )  Case No.  CIVDS 1401178
                                     )
18  Plaintiff,                       )  COMPLAINT FOR VIOLATION
                                     )   OF ROSENTHAL FAIR DEBT
19                                   )  COLLECTION PRACTICES ACT AND
            vs.                      )  TELEPHONE CONSUMER
20                                   )  PROTECTION ACT
                                     )
21  COMENITY LLC; and DOES 1 to 20,  )
22  INCLUSIVE,                       )  1.  Violation of Rosenthal Fair Debt
                                     )      Collection Practices Act
23  Defendant.                       )  2.  Negligent Violations of the Telephone
                                     )      Consumer Protection Act [47 U.S.C.
24                                   )      §227 ET SEQ.]
                                     )  3.  Willful Violations of the Telephone
25                                   )      Consumer Protection Act [47 U.S.C.
26                                   )      §227 ET SEQ.]
                                     )
27                                   )  DEMAND FOR JURY TRIAL
28

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 8 0 2014

BY_____
LEISA TAYLOR, DEPUTY

TRIAL SETTING CONFERENCE

Hearing Set for:

Date: 08-06-14

Time: 8:30Am

Dept: S-36

Complaint - 1

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## II. PARTIES

2.   Plaintiff, AMBER MASSIE ("Plaintiff"), is a natural person residing in San Bernardino County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.   At all relevant times herein, Defendant, COMENITY LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

4.   Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 20, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure

5.   Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 20 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

6.   At all times mentioned, each of the defendants, whether actually named or fictitiously named, was the agent of the other defendants, whether actually named or fictitiously named, and each other and was at all times acting within the purpose and scope of such agency. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each defendant, whether actually or fictitiously named was the principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to plaintiff for the relief prayed for herein. At all times relevant herein, defendants ratified the unlawful conduct of the other defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction(s) with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

## III.  FACTUAL ALLEGATIONS

7.   At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8.   On or about October, 2013, Plaintiff began receiving calls from Defendant in an attempt to collect an alleged outstanding debt.

9.   Defendant would contact Plaintiff at least twice a day.

10.   Defendant would contact Plaintiff from phone numbers 614-729-5607, 614-729-6089, 303-255-5352

11.   Defendant would contact Plaintiff on her cell phone ending in 9396.

Complaint - 3

12.    Plaintiff asked Defendant to cease communication with her, but Defendant continued to contact Plaintiff.

13.    Defendant threatened Plaintiff with a lawsuit if debt was not paid.

14.    Defendant threatened Plaintiff with a seizure, garnishment, attachment, or sale of Plaintiff's property if the debt was not paid.

15.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

16.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

18.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5)); and

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, (§ 1692c(a)(1));

   e) Restricted use of Automated Telephone equipment to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

    f)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, (§ 1692d)

    g)   Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4)); and

    h)   Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, (§ 1692e(5)).

19.    As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF ROSENTHAL
FAIR DEBT COLLECTION PRACTICES ACT**

20.    Plaintiff reincorporates by reference all of the preceding paragraphs.

21.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.   Actual damages;
    B.   Statutory damages for willful and negligent violations;
    C.   Costs and reasonable attorney's fees; and
    D.   For such other and further relief as may be just and proper.

**COUNT II: NEGLIGENT VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT**

22.    Plaintiff reincorporates by reference all of the preceding paragraphs.

23.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24.   As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

25.   Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Statutory damages for negligent violations;
B.   Injunctive Relief;
B.   Reasonable Costs; and
D.   For such other and further relief as may be just and proper.

<u>COUNT III: KNOWINGING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

26.   Plaintiff reincorporates by reference all of the preceding paragraphs.

27:   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

29.   Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.  Statutory damages for willful violation;
B.  Injunctive Relief;
C.  Reasonable Costs; and,
D.  For such other and further relief as may be just and proper.

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this January 27, 2014

By:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 7

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752, Nicholas J. Bontrager, Esq. SBN 252114<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741        FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, AMBER MASSIE | **FOR COURT USE ONLY**<br><br>F I L E D<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JAN 3 0 2014<br><br>BY _____<br>LISA TAYLOR, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 303 W. Third Street
MAILING ADDRESS: 303 W. Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: Civil Division

| | |
|---|---|
| CASE NAME:<br>Massie v. Comenity LLC | |
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) |

| | |
|---|---|
| CASE NUMBER:<br>CIVDS 1401178 | |
| JUDGE: | |
| DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [✓] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel        e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* 3
**5.** This case [ ] is [✓] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 27, 2014

Todd M. Friedman, Esq.
_____ (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Page 2 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

AMBER MASSIE

CIVDS 1401178

Case No. _____

vs.

CERTIFICATE OF ASSIGNMENT

COMENITY LLC

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the **San Bernardino** District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General        [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1. | Adoption | Petitioner resides within the district. |
| [ ] | 2. | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. | Contract | Performance in the district is expressly provided for. |
| [ ] | 4. | Equity | The cause of action arose within the district. |
| [ ] | 5. | Eminent Domain | The property is located within the district. |
| [ ] | 6. | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. | Mandate | The defendant functions wholly within the district. |
| [ ] | 10. | Name Change | The petitioner resides within the district. |
| [ ] | 11. | Personal Injury | The injury occurred within the district. |
| [ ] | 12. | Personal Property | The property is located within the district. |
| [ ] | 13. | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. | Review | The defendant functions wholly within the district. |
| [ ] | 16. | Title to Real Property | The property is located within the district. |
| [ ] | 17. | Transferred Action | The lower court is located within the district. |
| [ ] | 18. | Unlawful Detainer | The property is located within the district. |
| [ ] | 19. | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20. | Other  RFDCPA & TCPA | Plaintiff Resides within the District |
| | 21. | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

AMBER MASSIE                                              14449 Begonia Road # 120
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                   ADDRESS

Victorville                          CA                    92392
(CITY)                              (STATE)                (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

January 27, 2014 _____  at  Beverly Hills _____ , California

_____
Signature of Attorney/Party

13-16503-360 Rev. 10/94                                              SB-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

------------------------------------------------------------------------
------------------------------------------------------------------------
                                  CASE NO: CIVDS1401178
   LAW OFFICES OF TODD M FRIEDMAN
   369 S. DOHENY DR. #415
   BEVERLY HILLS CA 90211
                              NOTICE OF TRIAL SETTING CONFERENCE
                                and NOTICE OF CASE ASSIGNMENT

IN RE: MASSIE -V- COMENITY LLC

THIS CASE HAS BEEN ASSIGNED TO: BRIAN S MCCARVILLE IN DEPARTMENT S36
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  303 West Third Street
San Bernardino, CA.

            HEARING DATE: 08/06/14 at  8:30 in Dept. S36


DATE: 02/05/14  Christina M. Volkers, Clerk of the Court
                              By: LISA TAYLOR
------------------------------------------------------------------------
------------------------------------------------------------------------
              CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 02/05/14
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 02/05/14 at San Bernardino, CA

                              BY: LISA TAYLOR

EXHIBIT B

Jeanne L. Zimmer, Esq. (State Bar No. 123321)
Tamar Gabriel, Esq. (State Bar No. 266860)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
COMENITY LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO-UNLIMITED JURISDICTION

|  |  |
|---|---|
| AMBER MASSIE, | CASE NO. CIVDS 1401178 |
| Plaintiff, | |
| vs. | |
| | **ANSWER TO COMPLAINT** |
| COMENITY LLC; and DOES 1-20, Inclusive, | |
| Defendants. | |

Defendant COMENITY LLC ("Defendant") for itself and for no other, hereby answers the Complaint of AMBER MASSIE ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to *Code of Civil Procedure* section 431.30, Defendant generally and specifically denies each and every, all and singular, the allegations contained in the Complaint and further denies that Plaintiff was damaged in any sum or sums alleged, or to be alleged, or in any sum or sums whatsoever.

{00015359;1}                                        1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.    As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of 15 U.S.C. § 1692, *et seq.* of the Fair Debt Collection Practices Act ("FDCPA") or 47 U.S.C. §227, *et seq.* of the Telephone Consumer Protection Act ("TCPA").

### FOURTH AFFIRMATIVE DEFENSE

4.    As Plaintiff was not charged for any alleged call by Defendant, his Complaint is not actionable under the TCPA.

### FIFTH AFFIRMATIVE DEFENSE

5.    As a separate, affirmative defense, Defendant alleges that Plaintiff lacks standing to assert the claims for relief in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

6.    As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## SEVENTH AFFIRMATIVE DEFENSE

7.     As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

8.     As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent or intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## NINTH AFFIRMATIVE DEFENSE

9.     As a separate, affirmative defense, Defendant alleges that, at all times alleged in Plaintiff's Complaint, it maintained reasonable procedures created to prevent violations of the FDCPA and/or the TCPA.

## TENTH AFFIRMATIVE DEFENSE

10.     As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by, *inter alia*, FDCPA and/or the TCPA.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff's own conduct contributed to the cause of her alleged injuries, losses or damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a separate, affirmative defense, Defendant alleges that federal law pre-empts some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a separate, affirmative defense, Defendant alleges the Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff has actively attempted to place himself in a position to be the subject of unwilling alleged violations of the TCPA, and maintained that position to maximize his own purported damages and injuries.  As such, Plaintiff cannot complain of his alleged injuries or collect thereon.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate, affirmative defense, Defendant alleges that Plaintiff consented to the communications and/or disclosures complained of, the existence of which Defendant denies.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     The TCPA was intended to restrict telemarketers, not those actively engaged in the collection of debt, and enforcement of statutory damages under the TCPA against Defendant without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and unconstitutional damages.

### TWENTY FIRST AFFIRMATIVE DEFENSE

21.     To the extent that Defendant was provided with Plaintiff's number as the primary contact point for an account holder, implied and/or express permission existed for the calling of the number by Defendant.  Such contact under those circumstances involves Defendant's right of commercial free speech and is not actionable by law.

### TWENTY SECOND AFFIRMATIVE DEFENSE

22.     Any alleged calls by Defendant to Plaintiff were not made by an automatic telephone dialing system.

### TWENTY THIRD AFFIRMATIVE DEFENSE

23.     As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant COMENITY LLC hereby requests a trial by jury in this case.

DATED:  March 14, 2014                    CARLSON & MESSER LLP


By: _____
    Tamar Gabriel
    Attorneys for Defendant
    COMENITY LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **March 14, 2014**, I served the foregoing document(s) described as: **ANSWER TO COMPLAINT** on all interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

[X]   **BY MAIL:**  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]   **BY ELECTRONIC MAIL:**  Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY FACSIMILE** – I transmitted via telecopier machine such document to the interested parties at the facsimile number(s) listed on the attached service list.

[X]   **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[]   **(FEDERAL):**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **14th** day of **March, 2014** at Los Angeles, California.

_Linda Brooks_
Linda Brooks

{00015377;1}

1

## SERVICE LIST
### Amber Massie v. Comenity LLC, et al.
File No. 07758.00

Todd M. Friedman, Esq.
Nicholas J. Bontrager, Esq.
Suren N. Weerasuriya, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA   90211
Tele: (877) 206-4741
Fax:  (866) 633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com

Asaf Agazanof, Esq.
ASAF LAW
8730 Wilshire Blvd., #310
Beverly Hills, CA   90211
Tele:  (424) 254-8870
Fax:   (888) 254-0651
Asaf@Lawasaf.com

Attorneys for Plaintiff
AMBER MASSIE

{00015377;1}

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                              )  ss
COUNTY OF LOS ANGELES         )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action.  My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California  90045.

On **March 14, 2014**, I served the foregoing document(s) described as:  **NOTICE OF REMOVAL** on all interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

[X]  **BY MAIL:**  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **BY ELECTRONIC MAIL:**  Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **BY FACSIMILE** – I transmitted via telecopier machine such document to the interested parties at the facsimile number(s) listed on the attached service list.

[]  **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL):**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **14th** day of **March, 2014** at Los Angeles, California.

Linda Brooks

{00015391;1}                                   1

1

## SERVICE LIST
Amber Massie v. Comenity LLC, et al.
File No. 07758.00

2

3

Todd M. Friedman, Esq.
4   Nicholas J. Bontrager, Esq.
Suren N. Weerasuriya, Esq.
5   Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
6   Beverly Hills, CA   90211
Tele: (877) 206-4741
7   Fax: (866) 633-0228
tfriedman@attorneysforconsumers.com
8   nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
9

Asaf Agazanof, Esq.
10  ASAF LAW
8730 Wilshire Blvd., #310
11  Beverly Hills, CA   90211
Tele:  (424) 254-8870
12  Fax:   (888) 254-0651
Asaf@Lawasaf.com
13

Attorneys for Plaintiff
14  AMBER MASSIE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00015391;1}

2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Jesus G. Bernal_____ and the assigned Magistrate Judge is _____David T. Bristow_____ .

The case number on all documents filed with the Court should read as follows:

### EDCV14-503 JGB(DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____March 14, 2014_____
Date

By _____Angelique Dominguez_____
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

BY FAX

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

AMBER MASSIE

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

COMENITY LLC

**(b) County of Residence of First Listed Plaintiff**   San Bernardino
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Todd M. Friedman, Esq./Law Offices of Todd Friedman, P.C
369 S. Doheny Dr., #415/Beverly Hills, CA 90211
Tele: (877) 206-4741/Fax: (866) 633-0228

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Jeanne L. Zimmer, Esq./Tamar Gabriel, Esq./Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA  90045
Tele: (310) 242-2200/Fax: (310) 242-2222

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding   ☒ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes   ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC Section 1692, et seq. and 47 U.S.C. Section 227, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   EDCV14 - 00503 JGB (DTBx)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes   [ ] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [X] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes   [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [X] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [X] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Eastern |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** Tamar Gabriel   *Tamar Gabriel*   DATE: March 14, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                   ) ss
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **March 14, 2014**, I served the foregoing document(s) described as: **CIVIL COVER SHEET** on all interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

[X]    **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]    **BY ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]    **BY FACSIMILE** – I transmitted via telecopier machine such document to the interested parties at the facsimile number(s) listed on the attached service list.

[]    **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **14th** day of **March, 2014** at Los Angeles, California.

Linda Brooks

{00015392.1}

1

## SERVICE LIST
Amber Massie v. Comenity LLC, et al.
File No. 07758.00

Todd M. Friedman, Esq.
Nicholas J. Bontrager, Esq.
Suren N. Weerasuriya, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA   90211
Tele: (877) 206-4741
Fax: (866) 633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com

Asaf Agazanof, Esq.
ASAF LAW
8730 Wilshire Blvd., #310
Beverly Hills, CA   90211
Tele:  (424) 254-8870
Fax:   (888) 254-0651
Asaf@Lawasaf.com

Attorneys for Plaintiff
AMBER MASSIE

{00015392;1}